SLR:LDM:BDM
F.# 2011V02444

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - X

In re the Seizure of:

ANY AND ALL FUNDS ON DEPOSIT IN
CITIBANK ACCOUNT NUMBER xxxxxx7400,
HELD IN THE NAME OF AURYQUIM, INC.,
AND ALL PROCEEDS TRACEABLE THERETO,
and

ANY AND ALL FUNDS ON DEPOSIT IN
CITIBANK ACCOUNT NUMBER xxxxxx0972,
HELD IN THE NAME OF CARAN CONSULTANT,
AND ALL PROCEEDS TRACEABLE THERETO.

STIPULATION OF
SETTLEMENT

GARAUFIS, J.

- - - - - - - - - - - - - - - - - - - X

WHEREAS, on or about November 15, 2011, the Honorable Marilyn D. Go, United States Magistrate Judge for the Eastern District of New York, in case number M-11-1130 (Go, M.J.), issued warrants (the "Warrants") authorizing the seizure of any and all funds on deposit in Citibank Account xxxxxx7400, held in the name of Auryquim, Inc., and all proceeds traceable thereto (the "Auryquim Account), and the seizure of any and all funds on deposit in Citibank Account Number xxxxxx0972, held in the name of Caran Consultant, and all proceeds traceable thereto (the "Caran Account"), finding probable cause to believe that such funds are subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 982(a)(1), as property involved in transactions in violation of 18 U.S.C. § 1960;

WHEREAS, on or about November 16, 2011, agents of the

United States Internal Revenue Service ("IRS") executed the Warrants against approximately $190,923.75 in the Auryquim Account, and against approximately $3,271,844.39 in the Caran Account, for a total of $3,462,768.14 in United States currency (the "Defendant Funds");

WHEREAS, the United States thereafter received communication from Robert Targ, Esq. ("Targ"), of Diaz, Reus & Targ, LLP, on behalf of Auryquim International, Inc., and Caran Consultant, Inc. (the "Claimants"), asserting an ownership interest in the Defendant Funds;

WHEREAS, with the exception of the Claimants, no other person or entity has filed with the IRS or the United States a claim to or verified statement of interest in the Defendant Funds, and neither the Claimants nor the United States (collectively, the "Parties"), are aware of any additional potential claimants;

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned parties as follows:

1. The Claimants represent that they possess exclusive ownership interests in the Defendant Funds and waive the filing of a civil complaint for forfeiture in accordance with the procedures and timeframes set forth in 18 U.S.C. § 983. The Claimants and their attorney further represent that they are authorized to effectuate the settlement of this action on behalf

3

of Auryquim, Inc. and Caran Consultant, Inc.

2. Upon entry of a Final Decree of Forfeiture, the completion of publication, and provided that no other person or entity files a claim to the Defendant Funds, the United States agrees to return the amount of $485,728.10 to the Claimants.

3. In consideration of the foregoing, the Claimants agree to forfeit to the United States, pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 982(a)(1), the remainder of the Defendant Funds, $2,977,040.04, and all interest accrued on the Defendant Funds since the date of seizure. The Claimants expressly acknowledge that they have been advised that Florida law requires money transmitting businesses to obtain a license and comply with other regulatory requirements that apply to licensed entities, Fla. Stat. §§ 560.101-560.408, and must register with the State of Florida Office of Financial Regulation. The Claimants also acknowledge that they have been advised that money transmitting businesses are required to register with the Financial Crimes Enforcement Network ("FinCEN"), pursuant to 31 U.S.C. § 5330 and 31 C.F.R. § 1022.380.

4. The United States and the Claimants agree, understand, and acknowledge that none of the parties to this agreement admit to or acknowledge any liability or wrongdoing whatsoever. Neither this settlement nor any payment hereunder is to be construed as an admission of liability or wrongdoing by any

4

party.

5. The Claimants agree to release, remise and forever discharge, plaintiff United States of America and its agencies, agents, officers, and employees, past and present, from all claims or causes of action which the Claimants, and their respective and their heirs, agents, assigns, representatives, and successors ever had, now have, or hereafter may have against plaintiff and its agencies, agents, officers, and employees, past and present, for or on account of the commencement of this action, the settlement of this action, and the seizure, restraint and forfeiture of the Defendant Funds.

6. The Claimants waive their rights, individually and collectively, if any, to use the instant action or its settlement as a basis for any statutory or constitutional defense in any other civil, criminal or administrative action including, without limitation, venue, defenses based upon the Double Jeopardy Clause of the Fifth Amendment and the Excessive Finds Clause of the Eighth Amendment.

7. The parties agree that each party shall bear its own costs and attorney's fees, and the Claimants further agree to waive any and all rights they have, individually or collectively, if any, to recover attorney's fees and/or interest under the Equal Access to Justice Act, the Civil Asset Forfeiture Reform Act, or any other legal or statutory bases.

5

8. The Claimants shall send to counsel for the United States of America two executed copies of the Stipulation of Settlement and a completed ACH form (sections 2 and 3). Upon receipt thereof, counsel for the United States shall submit to the Court an order directing the government upon completion of publication and provided no claims are filed, to return to the Claimants the sum of $485,728.10, less any debt owed to the United States, any agency of the United States, or any other debt which the United States is authorized to collect, and forfeiting to the United States of America the balance of the Defendant Funds, in the amount of $2,977,040.04, together with all interest accrued on the Defendant Funds since the date of seizure. The monies returned to the Claimants will be in the form of an ACH payment made payable as indicated in the completed ACH form returned to the United States and routed to the bank as provided by the Claimants and as indicated on the ACH form.

9. The District Court shall retain jurisdiction of this action to enforce this settlement.

Dated: Brooklyn, New York
       January 15, 2013

                        LORETTA E. LYNCH
                        United States Attorney
                        Eastern District of New York
                        *Attorney for Plaintiff*
                        *United States of America*
                        271 Cadman Plaza East, 7th Fl.
                        Brooklyn, New York 11201

By: _____
    BRIAN D. MORRIS
    Assistant U.S. Attorney
    (718) 254-6512

Dated: Miami, Florida
       DEC. 5         , 2012

                                DIAZ, RUES & TARG, LLP
                                *Attorneys for Claimants*
                                *Auryquim International, Inc.*
                                        *and*
                                *Caran Consultant, Inc.*
                                2600 Miami Tower
                                100 SE 2nd Street
                                Miami, Florida 33131

                        By:     _____
                                ROBERT TARG, ESQ.
                                (305) 375-9220

AGREED AND CONSENTED TO BY:

_____
Javier Otero, President
on behalf of Auryquim International, Inc.


        On this __30__ day of __Nov__, in the year 2012,
Javier Otero, known to me, the undersigned or proved to me on the
basis of satisfactory evidence to be the individual whose name is
subscribed to above, personally appeared before me and
acknowledged to me that he executed the same in his capacity on
behalf of Auryquim International, Inc., and that by his signature
on the within instrument, he executed the instrument on behalf of
Auryquim International, Inc.



                                _____
                                NOTARY PUBIC

JACQUELINE CASTELLON
Notary Public - State of Florida
My Comm. Expires Mar 26, 2014
Commission # DD 975734

7

AGREED AND CONSENTED TO BY:

_____
Jacqueline Castellon, President
on behalf of Caran Consultant, Inc.

On this __5th__ day of __December__, in the year 2012, Jacqueline Castellon, known to me, the undersigned or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to above, personally appeared before me and acknowledged to me that she executed the same in her capacity on behalf of Caran Consultant, Inc., and that by her signature on the within instrument, she executed the instrument on behalf of Caran Consultant, Inc.

_____
NOTARY PUBIC



LOURDES VALDES
MY COMMISSION # DD 961339
EXPIRES: March 5, 2014
Bonded Thru Notary Public Underwriters